**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**CIVIL NO. 3:10-CV-00417-FDW-DCK**

| | |
|---|---|
| JACQUELINE D. SMITH, )<br>)<br>Plaintiff, )<br>v. )<br>)<br>WALMART STORES, INC. and JUDY )<br>PARKER, )<br>)<br>Defendants. ) | NOTICE |

THIS MATTER is before the Court *sua sponte* following the filing of Defendants' Motion to Dismiss (Docs. Nos. 10, 11) pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, wherein Defendants have moved the Court to dismiss Plaintiff's Complaint for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted. The Court notes that Plaintiff promptly filed a response to Defendants' Motion to Dismiss on November 4, 2010. (Doc. No. 13). Nevertheless, in an abundance of caution, the Court issues the following notice.

In accordance with Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the Court advises Plaintiff, who is proceeding *pro se*, that she carries the burden in showing that subject matter jurisdiction exists. In Richmond, Fredericksburg & Potomac R.R. Co. v. United States, 945 F.2d 765 (4th Cir. 1991), the Fourth Circuit recognized:

> In determining whether jurisdiction exists, the district court is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment. Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982); Trentacosta v. Frontier Pac. Aircraft Indus., 813 F.2d 1553, 1558 (9th Cir. 1987). The district court should apply the standard applicable to a motion for summary judgment, under which the nonmoving party must set forth specific facts beyond the pleadings to show that a genuine issue of material fact exists. Trentacosta, supra, 813 F.2d at

1559 (citing <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323-24 (1986)). The moving party should prevail only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law. <u>Trentacosta</u>, <u>supra</u>, 813 F.2d at 1558. A district court order dismissing a case on the grounds that the undisputed facts establish a lack of subject matter jurisdiction is a legal determination subject to de novo appellate review. <u>Revene v. Charles County Comm'rs</u>, 882 F.2d 870, 872 (4th Cir.1989); <u>Shultz v. Dept. of the Army</u>, 886 F.2d 1157, 1159 (9th Cir.1989).

<u>Richmond, Fredericksburg & Potomac R.R. Co.</u>, 945 F.2d at 768-69.

Additionally, Plaintiff is reminded that in order to survive a 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted, Plaintiff's "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" <u>Ashcroft v. Iqbal</u>, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009) (citing <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)).

While Plaintiff has filed a response to Defendants' Motion to Dismiss on November 4, 2010, the Court will provide Plaintiff the opportunity to supplement her response, if desired, in light of this notice. Plaintiff may, but is not required, to supplement her response. Plaintiff need not submit a restatement of her earlier arguments, as those arguments will already be considered by the Court. **If Plaintiff chooses to file a supplement to her response, Plaintiff should file such a supplement no later than Monday, November 22, 2010.** Defendants should file a reply, if any, seven (7) days thereafter in accordance with the Local Rules.

The Clerk is directed to send a copy of this Notice to Plaintiff at 2185 Myrtle Wood Drive, Gastonia, NC 28052, which is Plaintiff's address of record, and to counsel for Defendants.

IT IS SO ORDERED.

Signed: November 8, 2010

Frank D. Whitney
United States District Judge